# EDWIN R. WARD AND WIFE

### v.

# CONGREGATIONAL CHURCH AT UNDERHILL ET AL.

### GENERAL TERM, 1894.

*Jurisdiction of probate court and court of equity in construction of wills.*

1. Upon the settlement and distribution of an estate under a will the probate court has jurisdiction to determine what kind of an interest, whether absolute or for life, a particular legatee takes.

2. If the probate court does entertain and pass upon that question the court of chancery has no jurisdiction to review its decree.

3. The court of chancery would not obtain such jurisdiction from the fact that the probate court, upon decreeing that the estate was for life, appointed a trustee to manage the property ; for the question is not as to the administration of a trust, but whether that trust ought to have been created.

Bill for the construction of a will. Heard at the April term, 1893, Chittenden county, upon a master's report. TYLER, chancellor, dismissed the bill with costs. The orator appeals. The opinion states the case.

*J. J. Monahan* and *S. C. Shurtleff* for the orator.

The contingency was too remote, and the estate given the orator was absolute. Gray, Perp., s. 214; 1 Jar., Wills, 255 ; *Village of Brattleboro* v. *Mead et al.*, 43 Vt. 556.

*L. F. Wilbur* and *Seneca Hazelton* for the defendant.

The court of chancery has no jurisdiction.  *Van Amburg* v. *Gates*, 11 Paige 505 ; *Weed* v. *Weed*, 94 N. Y. 243 ; *Bailey* v. *Briggs et al.*, 56 N. Y. 407 ; *Chipman* v. *Montgomery*, 63 N. Y. 221 ; *Wells* v. *Rhodes*, 74 Wis. 490 ; *Munson* v. *Munson*, 28 Conn. 582 ; *Alden* v. *Frisbee*, 44 Conn. 455.

The question having been duly passed upon by the probate court is *res judicata.* 1 Greenl., Ev., ss. 528, 534 (15th Ed.) ; 1 Freem., Jud., s. 319, pp. 58, 395 ; *Probate Court* v. *Vanduzer*, 13 Vt. 135 ; *Stone* v. *Peasley*, 28 Vt. 714 ; *Stearns* v. *Stearns*, 32 Vt. 678.

ROSS, C. J.　This is a bill to have the will of Oliver Wells construed.  The will was duly probated, and his estate settled in the probate court.  The oratrix, Lucia R. Ward, is the only child and heir at law of Oliver Wells. Her mother, who took a life estate in the property of Oliver Wells, died before the settlement of his estate.　On the settlement of the estate in the probate court, all parties in interest were either present or represented by attorney.　The court decreed her a life estate in all the property of the estate, "pursuant to the last will and testament of the deceased and the laws of this state."　From this decree no appeal was taken.　Now it is contended that, under the will and laws of this state, the oratrix took the entire estate, real and personal, in fee ; and she has brought this bill to have it adjudged that she so took the estate.　In distributing the estate, on the settlement thereof, it was the province of the court to determine and adjudge the kind of estate which the oratrix took, under the will and under the laws of this state, in the property left by her father ; and if it did not decree to her the kind of estate therein to which she was entitled, she could and should have appealed from its decree.　It is not contended that the probate court was not

clothed with full power, in decreeing the distribution of her father's estate, to determine and adjudge just what right the oratrix had thereto. When the court of chancery will construe a will, on the application of parties interested, has recently been before this court in *Morse* v. *Lyman*, 64 Vt. 167, and in *Blair* v. *Johnson*, Ib. 598. In the latter case this court said :

"In respect of the settlement of the estates of deceased persons, the jurisdiction of the court of chancery in this state is not original, nor concurrent with that of the probate court, but is special and limited, and only in aid of that of the probate court when its powers are inadequate. Further than that, the court of chancery has nothing to do with the settlement of such estates. It follows, therefore, that if, at the time a question as to the construction of a will needs to be decided, the probate court can be resorted to, and its jurisdiction is adequate for the purpose, that court must be resorted to and chancery cannot be."

This is the most recent utterance of this court on this subject. We are satisfied that, under our system of settling estates, it is sound in every particular. It is not contended that the probate court is lacking in jurisdiction to determine and adjudge what kind of an estate the oratrix took in her father's estate under the will and under the laws of the state. Whether its decree of distribution did adjudicate her kind of estate in her father's estate, or otherwise, is immaterial on this point. If it did not, that court is open to hear and determine that question now. If, by its decree, it has determined and adjudged her estate therein, that decree, unappealed from, is conclusive upon the oratrix's rights.

The jurisdiction of the probate court, in the settlement and distribution of the estates of deceased persons, is primary and complete, and its decrees thereon, unappealed from, cannot be attacked nor set aside in a collateral proceeding in chancery even. When made in due course of proceedings they conclude every one interested therein, and especially they conclude those parties who appear and are

heard, or have an opportunity to be heard, in the matter in regard to which the decree is made. But the orators rely upon *Village of Brattleboro* v. *Mead*, 43 Vt. 556, as showing that the court of chancery has jurisdiction to give construction to this will. It does not appear that the probate court had been applied to, nor taken any action upon the construction of the will, or rights of the litigants, in that case; nor was the question of the right and power of the court of chancery in any way brought under consideration, or alluded to.

As said in *Blair* v. *Johnson, supra:* "It may be that this point," the point of the jurisdiction of the court of chancery in the construction of wills in aid of the probate court, "has not always been kept in mind by the courts." Hence the case in the 43d Vt. is not an authority against the decision in *Blair* v. *Johnson.*

But the orators further contend that a trust is involved in this case, and that the court of chancery has original jurisdiction in the administration of trusts. It is true that the probate court, in accordance with its decree of distribution, placed the personal property in the hands of the trustee. But the question now urged by the orators is not a question of administration of trust property. They contend that there is no trust attached to the property decreed to the oratrix. They cannot be heard to say that there is a trust to be administered to give the court of chancery jurisdiction, and in the next breath that there is no such trust, but that the oratrix is entitled to the entire right, title and control of the property, under the will and laws of this state. What the orators contend for was within the jurisdiction of the probate court to ascertain and determine, and if it has determined and decreed in respect to it, they are bound by that decree. It is contended that the decree only determined the rights of the oratrix under the will, and that, under that, she took only a life estate in the property; that she took

the reversion by right of heirship because the conditions imposed by the will were void by reason of remoteness. Whether the conditions imposed were void by reason of remoteness was a question of law necessarily arising, and to be adjudged, in ascertaining and determining the oratrix's right and interest in the property, then in hand for distribution to the rightful owners according to their respective rights, so far as then determinable. If the oratrix was entitled to the estate in fee that right, when the distribution was decreed, was then determinable as much as now. The oratrix had the right to have her right in and to the property then being distributed determined and decreed correctly. If, in her judgment, not so determined and decreed, she should have appealed from the decree.

The terms of the decree, that it was made " pursuant to the last will and testament of the deceased and the laws of this state," apparently import that the court did determine and adjudge her rights to the property then being distributed, as given and fixed both by the will and the laws of this state. The language used has that meaning. The bill prays to have the cloud upon the property, created by the conditions of the will, removed, but does not ask, as it could not lawfully, that the status of the oratrix's rights, as fixed by the decree of distribution, shall be changed. The court of chancery has no power to decree such change in the regularly made decree of the probate court on matters within its jurisdiction. What is the legal effect of its decree of distribution of the estate, we leave for the consideration of the probate court. On these views the construction of the will need not be considered.

*Decree affirmed and cause remanded.*

Taft, J., doubting.