## C. David Bassett, Administrator of the Louise S. Thorn Estate v. Vermont Tax Department

[376 A.2d 731]

No. 291-76

Present: Barney, C.J., Daley, Larrow and Billings, JJ., and Shangraw (C.J. Ret.), Specially Assigned

Opinion Filed June 7, 1977

*Richard E. Davis* and *Gary D. McQuesten* of *Richard E. Davis Assoc., Inc.,* Barre, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Richard M. Finn* and *Greg E. Studen,* Assistant Attorneys General, Montpelier, for Defendant.

**Larrow, J.** Decedent, Louise S. Thorn, was killed in an airplane crash, and the claim for her wrongful death resulted in a substantial settlement. The Probate Court for the District of Washington included that settlement amount in computing the decree fee established by 32 V.S.A. § 1434(6) as payable to the state upon the "residue" of an estate when the estate is distributed. The $2340.00 decree fee involved has been paid under protest. Her administrator brought suit for recovery of the claimed excessive fee in Washington Superior Court, where the Vermont Tax Department was substituted for the probate judge as party defendant. The trial court, misconstruing the

action as a probate appeal, "affirmed" the judgment of the probate court, in effect giving judgment for the defendant. This appeal resulted.

The decree fee charged (which appears to have been erroneously computed in the first instance) includes an assessment on the $133,333.33 wrongful death settlement. Pursuant to 14 V.S.A. § 1492(c), distribution of that settlement to the Estate of Viola H. Thorn and to Perley A. Thorn had previously been ordered by the Washington Superior Court under a petition brought to it for that purpose. The residue in the estate for distribution, if the $133,333.33 settlement is not included, was $105,555.52, and a correct decree fee, computed on that amount, would have been $1055.00. At issue, therefore, is a claimed recovery of $1285.00 overcharge.

Without reciting at length the mathematical formula for assessment of the decree fee, 32 V.S.A. § 1434(6) establishes a fee, payable to the probate judge for the benefit of the state, for the distribution "of each estate", based upon the "value of such residue of the estate." The appellee State contends this fee is in the nature of a tax, and that the settlement proceeds are part of the "residue" of the estate. The appellant administrator, on the contrary, says that the wrongful death recovery is not a part of the decedent's estate or of the residue of that estate, that a probate fee is not proper when the distribution was in fact determined by the superior and not the probate court, and that, lacking any relation to work actually performed by the probate court, the assessment as made constitutes a tax without legislative authority.

We do not feel it necessary for disposition of this case to consider all the contentions made by the parties, both here and below. To us it is quite apparent that the net proceeds of the settlement are not such part of the probate estate, or of its "residue" as to be subject to the fee imposed by the statute, whether it be considered a tax or not. It is a primary rule of statutory construction, which we have often recognized, that the plain meaning of a statutory enactment, when ascertainable, must be observed. *Standard Register Company* v. *Commissioner of Taxes*, 135 Vt. 271, 376 A.2d 41 (this day decided); *Camp* v. *Department of Motor Vehicles*, 131 Vt. 536, 310 A.2d 35 (1973). Applying that principle, the following factors seem to us determinative of the principal issue:

■ (1) Whatever may have been the case prior to the 1961 enactment of what is now 14 V.S.A. § 1492, when determination of expenses, fees, accounting, and persons entitled to wrongful death recovery were within the jurisdiction and supervision of the probate court, that jurisdictional structure has been materially altered since 1961. All of these matters are now determined by the Superior Court, or a superior judge, and the probate court's resulting decree is purely ministerial; it must, without other option, follow the superior court mandate. *In re Estate of Brown*, 129 Vt. 230, 231-32, 275 A.2d 1 (1971).

■ (2) The distribution of this particular asset is not governed by the ordinary rules of descent and distribution. Mindful of the resultant injustice in many cases when these proceeds were distributed to persons entitled only because of status, the Legislature has barred participation by a parent who abandoned the decedent, by a spouse who abandoned the decedent, or by a husband who persistently neglected support of a decedent wife. Clearly, under the statute, distribution is to be in direct proportion to pecuniary injuries suffered from the wrongful death, a factor not considered in distribution of ordinary estate assets. 14 V.S.A. § 1492(c).

■ The foregoing considerations impel us to the conclusion that the settlement proceeds for wrongful death are not a part of the decedent's estate, or of the "residue" therein, for purposes of computing the statutory decree fee. With all the duties of actual adjudication now vested in another court, and the settlement proceeds beyond any distribution powers of the probate court, any other construction would seem to defeat clear legislative intent as well as to bring about an unfair result. The State's argument that it can be justified as a tax seems equally untenable. It is not designated as such, and our estate tax seems to preempt the field. That tax is couched in terms of federal estate tax liability. 32 V.S.A. § 7441 et seq. It has been held that a Connecticut wrongful death claim, even though the decedent could have asserted it during his lifetime, is not part of his gross estate for estate tax purposes. *Connecticut Bank & Trust Co.* v. *United States*, 465 F.2d 760 (2d Cir. 1972). The judgment below must be reversed and an appropriate refund ordered.

*Judgment reversed, and cause remanded with direction to enter judgment for the plaintiff in the amount of $1285.00 and interest from date of payment to date of judgment, plus costs.*