### In re Estate of Harry H. Webb

[397 A.2d 81]

No. 219-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed December 28, 1978

*John M. Dinse* and *Barbara E. Cory* of *Dinse, Allen & Erdmann,* Burlington, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Michael R. Gadue,* Assistant Attorney General, Montpelier, for Defendant.

Larrow, J. This case comes before us on appeal from the Chittenden Probate Court, with stipulated facts and two questions agreed upon and certified for our determination under V.R.A.P. 5(a). The issues are relatively cleancut, and arise from our decision in *In re Estate of Eddy*, 135 Vt. 468, 380 A.2d 530 (1977). There we struck down the graduated probate "distribution fee" imposed under 32 V.S.A. § 1434(6) as in fact a tax violative of the proportional contribution clause contained in Chapter 1, Article 9, of the Vermont Constitution.

The decedent Webb died testate, and his will was duly filed for probate with the Chittenden Probate Court on March 13, 1975. A partial distribution fee under 32 V.S.A. § 1434(6), amounting to $10,455.00, was paid October 28, 1975. The estate remains open, with no final decree yet having been entered. On June 29, 1978, following our decision in *Eddy* (handed down October 31, 1977), the executors moved for refund. The Attorney General has appeared solely to contest the right to refund.

■ The two questions certified for review may be rephrased simply as (a) whether *Eddy* requires a refund of "distribution fees" paid before its date in an estate not yet closed by final decree; and (b) if so, whether the provisions of 12 V.S.A. § 517 apply to limit recovery to actions begun within one year of the payment of taxes made under protest. The State concedes that the compulsory nature of the payment then required by the statute renders the payment in question one made involuntarily and under protest. See *Trower* v. *City and County of San Francisco*, 152 Cal. 479, 92 P. 1025 (1907); *Lewis* v. *City and County of San Francisco*, 2 Cal. App. 112, 82 P. 1106 (1905); *Diocese of Fargo* v. *Cass County*, 28 N.D. 209, 148 N.W. 541 (1914).

It seems hardly disputable that there is no final judgment in the probate court with respect to the amount of the total "distribution fee," of which the payment here involved is a part. This would be true even if the probate court had ruled on the motion for refund or adjustment before certifying the questions under V.R.A.P. 5(a). *In re Estate of Pierce*, 125 Vt. 340, 215 A.2d 505 (1965). The parties and the court correctly viewed the questions presented as being appealable only by

meeting the criteria established for appeals before final judgment; they have not yet been determined, and the estate is still open without final decree.

■ This being so, entitlement to refund of the amount paid is clearly governed by our holding in *Eddy, supra*. The only substantial procedural difference is that in *Eddy* the fee in question was paid under protest and put into escrow pending final decree, following which a direct appeal to this Court was taken. The procedure resorted to here we hold to be equally appropriate. The right to recovery, in the form of adjustments in the final decree to reflect interim payments, is fully established by *Eddy*, coupled with the conceded compulsory nature of the payment. The first certified question, limited as it is to estates in which no final decree has yet been entered, requires an affirmative answer. Return of the "distribution fees" paid, in the form of either adjustment or refund, is required by our holding in *Eddy*.

The second question certified has to do with the applicability of 12 V.S.A. § 517 to the claim for refund. That section reads:

> § 517. TAXES PAID UNDER PROTEST  An action to recover money paid under protest for taxes shall be commenced within one year after the cause of action accrues, and not after.

The State contends that this statute applies to bar recovery, since the motion for refund was not made within one year of the date of partial payment. The estate, on the other hand, contends that there is no applicable statute, since this is not an "action" for recovery but only a motion in a pending case. In the alternative, it urges that if there is an applicable statutory limitation, it is found in 12 V.S.A. § 511, the six year statute for civil actions generally, because 32 V.S.A. § 509 sets up an action of contract for recovery of overpayments made to the State when a demand for refund is not met. It concedes, and we agree, that it is not an appropriate party nor is this suit an appropriate vehicle for determining what statute of limitations, if any, applies to *closed* estates. We do not reach or decide that question, nor the related issue of what time of accrual is critical. Concededly, on the facts here,

the only statute of limitations which *could* be applied to bar recovery is 12 V.S.A. § 517, with its one year limitation. If that does not apply, the second certified question must be answered in the negative. Its applicability is the question posed on appeal. Decision as to when the cause of action for refund accrues must be deferred for presentation in a case in which the issue is material.

We have little difficulty in holding that 12 V.S.A. § 517 is inapplicable. By its terms, it applies to an action to recover "money paid under protest for taxes." This is the applicable statute, the State claims, because in *Eddy* we held the "distribution fee" imposed by 32 V.S.A. § 1434(6) to be a tax, albeit an unconstitutional one. But we look to legislative intent, not just to semantics. It is apparent that the Legislature did not consider the levy a "tax" but a fee. That is what the Legislature called it, despite the existence of other statutes imposing taxes, clearly denominated as such, upon decedents' estates. See *Bassett* v. *Vermont Tax Department*, 135 Vt. 257, 259, 376 A.2d 731, 733 (1977). For legislative purposes, the "fee" was not considered a "tax" until we so labelled it in *Eddy*. Section 517 predates that decision, and we cannot subscribe to the conclusion that it was intended to apply to a compelled payment, designated a "fee" and imposed for the taking of a specific action, *i.e.*, final decree, by the probate court. Even apart from the inequitable result which would be reached by such a strained construction, resort to "plain-meaning" interpretation compels the conclusion that the legislative reference to a "tax" means an impost it had designated as such, and not one which it considered, and denominated, a "fee" in parallel statutes.

The unconstitutionality of 32 V.S.A. § 1434(6) requires a return of "distribution fees" paid before the decision in *In re Estate of Eddy, supra,* for an estate in which no final decree has been entered, and 12 V.S.A. § 517 has no application to an open, pending estate.

*Certified Question No. 1 is answered in the affirmative, and Certified Question No. 2 in the negative.*