Chittenden Trust Company, Executor of the Estates of Harlan J. Wilcox and Mary S. Levin v. Stephen J. MacPherson, Vermont Commissioner of Finance, Emory A. Hebard, Vermont State Treasurer, and State of Vermont

[427 A.2d 356]

No. 58-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 3, 1981

*Clarke A. Gravel, Robert B. Hemley* and *John P. Cain* of *Gravel, Shea & Wright, Ltd.*, Burlington, for Plaintiff.

*M. Jerome Diamond*, Attorney General, and *Harriet A. King*, Special Assistant Attorney General, Montpelier, and *Brian J. Gallagher, John Hartje*, and *Lisa Goldberg Ozer* of

*Kronish, Lieb, Shainswit, Weiner & Hellman,* New York, New York, for Defendants.

**Larrow, J.** Chittenden Trust Company, as executor of two closed estates in the Chittenden Probate Court, brought a civil action in Chittenden Superior Court under 32 V.S.A. § 509, seeking recovery of probate distribution fees paid to the state under 32 V.S.A. § 1434(6). Those fees were paid before our decision in *In re Estate of Eddy,* 135 Vt. 468, 380 A.2d 530 (1977), adjudging the fee in reality a tax, and unconstitutional. Chittenden also sought class action status for its litigation under V.R.C.P. 23, as representative of other probate estates similarly situated. The trial court first accorded such status, then later revoked it. On undisputed facts, it awarded Chittenden summary judgment for the amounts paid, but without prejudgment interest. Cross-appeals resulted, with the Chittenden claiming denial of class action status and of interest to be error, and the State of Vermont claiming the action to be barred by res judicata. We consider first this latter contention, as potentially dispositive of both appeals.

A brief analysis of the two cases giving rise to this one is in order. In *Eddy, supra,* we struck down the charge labelled by the statute as a distribution fee, holding it in reality a tax, and violative of the proportional contribution clause (Ch. I, Art. 9) of the Vermont Constitution. That challenge was by direct appeal from the probate court. In *In re Estate of Webb,* 136 Vt. 582, 397 A.2d 81 (1978), we directed a refund of the portion of a fee already paid, again in an appeal from the probate court. Both cases were challenges mounted by direct appeal before final decree, in estates as yet undistributed. They differ significantly from the instant case, brought after decrees were entered and unappealed from. Collateral attack is here sought to be substituted for direct attack, by resort to 32 V.S.A. § 509.

By its terms, § 509 authorizes a person who has made overpayment to the state to recover such amount in an action of contract on the statute. Concededly, the applicable statute of limitations is the general one of six years (12 V.S.A. § 511), if § 509 applies. Thus Chittenden's argument, simply put, is that despite the probate decree adjudicating

the amount of the fee and ordering distribution of the estate assets, the executor may, within six years, bring suit to recover the sums paid over to the state as directed by the decree. In opposition, the State argues that the executor passed up its chance to contest the distribution fee, that second thoughts prompted by *Eddy* are now unavailing, and that the claim is now foreclosed. We so hold.

In both the Wilcox and Levin estates, the subject of this action, the Chittenden Probate Court adjudicated the distribution fees and incorporated them in its decrees. It was bound by statute to make that determination and include it in its judgment order. *In re Estate of Davis*, 129 Vt. 162, 165, 274 A.2d 491, 494 (1971) (inheritance tax). Final distribution decrees are in rem conclusively disposing of all estate assets, including those used to pay fees and taxes. *Everett* v. *Wing,* 103 Vt. 488, 492, 156 A. 393, 395 (1931). Absent a timely appeal, they become conclusive and have the same res judicata effect as final judgment of Vermont's other courts of record. *Probate Court* v. *American Fidelity Co.*, 113 Vt. 418, 420, 35 A.2d 495, 496 (1944); *In re Warner's Estate*, 98 Vt. 254, 268, 127 A. 362, 368 (1925). Whether the decree is right or wrong does not affect this result, because the probate court has jurisdiction to make a wrong, as well as a right, decision. *Hardenbergh* v. *Commissioner*, 198 F.2d 63 (8th Cir.), *cert. denied*, 344 U.S. 836 (1952). Neither *Eddy* nor *Webb* dictate any contrary result; as above indicated they both involved open, not closed, estates, and the holdings were so limited. *In re Estate of Webb, supra*, 136 Vt. at 585, 397 A.2d at 84.

Chittenden urges, however, that two of our prior holdings tend to negate this result, at least implicitly. It cites *Bassett* v. *Vermont Tax Department*, 135 Vt. 257, 376 A.2d 731 (1977), and *In re Estate of Mahoney*, 126 Vt. 31, 220 A.2d 475 (1966), as examples of collateral attack on probate decrees. Both cases are clearly distinguishable. *Bassett* had to do with the proceeds of a wrongful death action. Such proceeds are not a part of the probate estate, and their distribution is specifically entrusted to the superior court. 14 V.S.A. § 1492(c)(6). And in *Mahoney* we held imposition of a constructive trust upon a killer inheriting from her victim was beyond the jurisdiction of the probate court. Both cases in-

volve attack based upon lack of jurisdiction, an element not here present. Attempted here is an attack upon the merits, not upon the jurisdiction of the probate court. This is the sort of attack which res judicata precludes. When jurisdiction is present, error, if any, in the probate decree is the subject of an appeal. Without such appeal, issues which were or could have been raised in the probate court are conclusively determined as between the parties, in the absence of fraud. *Ward* v. *Congregational Church*, 66 Vt. 490, 29 A. 770 (1894); *Goff* v. *Robinson*, 60 Vt. 633, 641–42, 15 A. 339, 341 (1888). The instant case is remarkably similar to *Chicot County Drainage District* v. *Baxter State Bank*, 308 U.S. 371 (1940), in which the United States Supreme Court held that a party to a prior judicial proceeding later closed, in which property rights had been determined under a statute later declared unconstitutional, could not upset the original decision. As here, he had failed to raise the constitutional issue in the original proceeding. And, as here, his claim was held barred by res judicata.

■ Chittenden also contends that there is an exception to the rule of res judicata for payments made involuntarily and under protest, and that in *Webb* we held that payments of the distribution fees here in question were of that nature. Even a casual reading of *Webb* discloses we reached no such decision. There was an *arguendo* concession by the State of that point, but no holding. The issue was neither considered nor resolved. *In re Estate of Webb, supra,* 136 Vt. at 583, 397 A.2d at 82. And the elements for an action to recover involuntary payments made under protest are not here present. The payment must be extrajudicial, compelled before an opportunity for judicial ruling as to legality, and by the threat or prospect of some sanction over and above the dollar value. See generally Annot., 74 A.L.R. 1301 (1931); Annot., 48 A.L.R. 1381 (1927). The fee here was imposed in the course of a judicial proceeding with an appealable ruling, the judicial order was the only coercion, and only the amount of the fee was at risk.

The theory behind the claimed exemption can lead to absurd results. It would enable any taxpayer, sued successfully by the state, to pay a resulting judgment "under protest" and then later bring suit to recover the payment made. There would never be finality of judgment. We cannot construe 32 V.S.A.

§ 509 in a manner which would lead to this undesirable result, without clear, specific indication that such was the legislative intent. By its literal terms, it permits recovery of an overpayment made to the state in an action of contract (now a civil action). But we cannot import into the statute abrogation of the affirmative defense of res judicata, long established in our law, and permit a taxpayer who has lost in one suit and failed to appeal the result to bring a new action hoping for a different outcome. The simple fact is that the prejudgment diligence demonstrated by the fiduciaries in *Eddy* and *Webb* was not exercised in the estates here in question. Perhaps understandable in the routine administration of estates under a statute unchallenged over a relatively long period, it is nevertheless insufficient reason to disturb a final judgment of a court of competent jurisdiction. Judgment must be rendered in each instance for the defendants.

This disposition precludes review, which would be purely advisory, of the question of class actions against the sovereign in the absence of express statutory authority, and of possible entitlement to prejudgment interest.

*Judgments reversed. Judgment entered for the defendants upon the claims of the Estate of Harlan J. Wilcox and of the Estate of Mary S. Levin.*