### Citibank, N.A. v. Richard F.F. Nichols, Jr., et al.

[559 A.2d 156]

No. 88-026

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed February 3, 1989

Motion for Reargument Denied March 3, 1989

*Witten, Saltonstall & Woolmington, P.C.,* Bennington, for Plaintiff-Appellant.

*Herbert G. Ogden, Jr.* of *Harlow, Liccardi & Crawford, P.C.,* Rutland, for Defendant-Appellee.

**Peck, J.** This action brought by plaintiff Citibank comes before the Court on interloctory appeal under V.R.A.P. 5 from a denial of summary judgment in the superior court. The question presented for our review is whether

> an order of the probate court, the appeal of which was dismissed by final order of the Superior Court, bar[s] by res judicata or collateral estoppel, re-litigation between the same parties of factual and/or legal issues that were decided by the Probate Court?

We answer the question in the affirmative, and remand for further proceedings. At issue is the return of money to a charitable trust which was paid out to the defendant, Richard F.F. Nichols, and to the investment firm he managed.

The trust was created in 1965 through a bequest of Alice N. Osborne. The codicils of her will nominated Jabez H. Wood as trustee, and Citibank as trustee if Wood declined or failed to ap-

point a successor. The codicils also provided for payment of compensation to both the appointed trustee and an investment counsel to the trust.

Wood was appointed in 1966 and continued to serve as trustee until his death in 1980. During this time Wood retained the services of Van Cleef, Jordan & Wood, of which he was president, as investment counsel. Five months before Wood's death he nominated defendant to succeed him as trustee. Defendant also succeeded Wood as president of the investment firm.

The probate court was not notified of Wood's death until two years after the fact. While defendant had acted as trustee since Wood's death, it was not until September of 1982 that defendant was appointed by the probate court as trustee and asked to file a trustee's bond. The bond was never filed and for three years annual accountings were not made. Accordingly, the probate court ruled that defendant had declined the powers of trustee under 14 V.S.A. § 2312. and that plaintiff was appointed under the terms of the codicil.

In that same decision, dated January 3, 1984, the probate court determined that the fees paid to compensate the trustee during the entire period from the date of Mr. Wood's death to the return of the res to plaintiff, the newly appointed trustee, were unauthorized and ordered them returned. The court also disallowed certain amounts which were paid to investment counsel during this period. Plaintiff's estimate of the total to be returned to the trust amounted to approximately $27,000. Defendant attempted to appeal the probate order in superior court, but the appeal was dismissed as untimely under V.R.A.P. 3 and 4. The probate order of January 3, 1984 stands as issued after several unsucessful attempts to attack its validity.

Plaintiff failed in its first attempt to recover the sum owed the trust through an action in rem against defendant's property in Vermont. Plaintiff then amended its complaint in superior court to state a debt collection action in personam. It is the debt action that is the basis for the present appeal. Plaintiff and defendant filed cross-motions for summary judgment. The motions were denied. The motions gave rise, however, to plaintiff's interloctory appeal.

The trial court's identification of a controlling question of law was proper under V.R.A.P. 5(b). See *State* v. *Wheel*, 148 Vt. 439, 440, 535 A.2d 328, 329 (1987) (three elements must be shown). By

answering the question in the affirmative, the issue of liability in the current action is settled. The order of the probate court is recognized as the final determination of the debt of the defendant due to the trust.

The controlling question is answered by *Chittenden Trust Co. v. MacPherson*, 139 Vt. 281, 427 A.2d 356 (1981). In that proceeding the plaintiff sought to alter the accounting of two estates in which the probate court had issued final distribution decrees. We noted that "[a]bsent a timely appeal, [distribution decrees] became conclusive and have the same res judicata effect as final judgment of Vermont's other courts of record. Whether the decree is right or wrong does not affect this result . . . . " *Id.* at 283, 427 A.2d at 358 (citations omitted). Under the rule in *Chittenden Trust*, the existence of the debt was established five years ago.

Here the parties continue to battle over the existence of the debt to the trust and its amount. The probate order recited two specific amounts paid to investment counsel: $8,865 in retroactively increased fees authorized before the defendant-trustee was appointed, and $901.22 paid after the trustee was suspended. These amounts were ordered returned to the trust. The probate order also required the return of amounts paid to the trustee, but did not establish the balance due to the trust. It did, however, make reference to the amounts in the accounting statements filed by the defendant.

The trial court did not grant summary judgment under V.R.C.P. 56(c) because there were unsettled issues of fact as to the amount due. Although we are presented with a narrow question of law on interlocutory appeal, we note that the denial of summary judgment as to damages was appropriate in that the amount of the debt was not set forth in the probate order. The task left to the trial court is to take evidence on the issue of damages.

*The question certified is answered in the affirmative and the case remanded for further proceedings not inconsistent with this opinion.*