2012 ND 56

**Bruce Roger MILLS, individually and on behalf of those similarly situated, Plaintiff, Appellant and Cross–Appellee,**

v.

**CITY OF GRAND FORKS, Defendant, Appellee and Cross–Appellant.**

No. 20110193.

Supreme Court of North Dakota.

March 15, 2012.

Rehearing Denied April 10, 2012.

Jonathan T. Garaas, DeMores Office Park, Fargo, N.D., for plaintiff, appellant and cross-appellee.

Randall Joseph Bakke (argued), and Shawn Arlin Grinolds (on brief), Bismarck, N.D., for defendant, appellee and cross-appellant.

CROTHERS, Justice.

[¶ 1] Bruce Roger Mills, individually and on behalf of those similarly situated, appeals from a judgment dismissing his claims against the City of Grand Forks to recover the amount of fines and fees collected in the past for noncriminal traffic violations by the City exceeding the amount the City could legally impose under state law. The City cross-appeals from the judgment. Because the district court correctly ruled Mills's claims are barred by res judicata, we affirm the judgment.

I

[¶ 2] On July 7, 2004, a Grand Forks police officer cited Mills with careless driving, a noncriminal offense proscribed by Grand Forks City Code § 8–0701. Under Grand Forks City Code § 8–1502, the maximum fine for violation of a noncriminal offense was $1,000 "in the discretion of the court." Mills pled not guilty and proceeded to trial in municipal court. Mills was found guilty. On August 19, 2004, the municipal court imposed against Mills "a fine in the amount of $151 with $0 suspended" and a hearing fee of $15. Mills appealed to district court for trial anew, and on September 14, 2004, the court affirmed the conviction and the fine and fees totaling $166. Mills appealed to this Court, but on December 1, 2004, we dismissed the appeal because the district

court judgment was "not appealable under N.D.C.C. § 39–06.1–03(5)." Mills did not petition this Court for a supervisory writ under N.D. Const. art. VI, § 2 and N.D.C.C. § 27–02–04.

[¶ 3] In 2008, we held in *Sauby v. City of Fargo*, 2008 ND 60, ¶¶ 1, 2, 13, 747 N.W.2d 65, that a home rule city could not impose fees for noncriminal traffic offenses exceeding the limits set forth for equivalent violations under state law. In 2004, the maximum fee for careless driving under state law was $30. *See* N.D.C.C. § 39–09–01. The day after *Sauby* was decided, Grand Forks, a home rule city under N.D.C.C. ch. 40–05.1, stopped charging fines exceeding allowable amounts under state law. Three days after *Sauby* was decided, Mills commenced a civil rights action against Grand Forks in federal district court claiming the City's excessive fines violated various constitutional rights. The federal district court dismissed the action on the pleadings, and in *Mills v. City of Grand Forks*, 614 F.3d 495, 497 (8th Cir.2010), the Eighth Circuit Court of Appeals affirmed the dismissal "because the complaint fails to state any federal constitutional violation."

[¶ 4] On August 16, 2010, Mills brought a "Class Action Complaint for Restitution" in state district court seeking on behalf of himself and others similarly situated the amount of monies paid to Grand Forks exceeding the state law limits for fines for similar state offenses. Mills asserted the excess fines, fees and charges were "involuntary and void." Before the court could rule on certification of the class, the City moved to dismiss the complaint under N.D.R.Civ.P. 12, or in the alternative, for summary judgment under N.D.R.Civ.P. 56. The City contended Mills's claims should be dismissed as a matter of law because they are barred by res judicata and collateral estoppel. The City argued Mills's claims were precluded by both res judicata and collateral estoppel based on the prior federal court action, and by res judicata because Mills failed to challenge the City's fine scheme in the 2004 state court proceedings.

[¶ 5] The district court granted the City's motion to dismiss. The court concluded res judicata and collateral estoppel based upon the federal court action did not bar Mills's claims in this case because "[t]hose actions determined that there was not a federal claim which is a different claim than [the] one asserted here." However, the court ruled res judicata based on the 2004 state court proceedings barred this lawsuit because Mills "is now raising a claim that could have been raised in prior litigation with the City."

II

[¶ 6] On appeal, Mills argues the district court erred in determining his claims were barred by res judicata because he did not challenge the City's fine scheme during his 2004 state court proceedings. In its cross-appeal, the City argues the court erred in determining res judicata and collateral estoppel do not bar this action based on the prior federal court proceedings. The dispositive issue is whether the court erred in concluding res judicata barred this action because Mills failed to raise the issue in the 2004 state court proceedings.

[¶ 7] "If, on a motion to dismiss under N.D.R.Civ.P. 12(b)(vi), matters outside the pleadings are presented to and not excluded by the district court, the motion is treated as a motion for summary judgment under N.D.R.Civ.P. 56." *Zutz v. Kamrowski*, 2010 ND 155, ¶ 8, 787 N.W.2d 286. Affidavits and exhibits were submitted to the district court in this case, and the court did not specifically exclude these materials. We therefore review this ap-

peal under the standards for summary judgment, which "is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law." *Benz Farm, LLP v. Cavendish Farms, Inc.*, 2011 ND 184, ¶ 9, 803 N.W.2d 818.

[¶ 8] In *Missouri Breaks, LLC v. Burns*, this Court said:

"We explained res judicata in *Hager v. City of Devils Lake*, 2009 ND 180, ¶ 10, 773 N.W.2d 420 (quoting *Riverwood Commercial Park, L.L.C. v. Standard Oil Co., Inc.*, 2007 ND 36, ¶ 13, 729 N.W.2d 101):

'Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies. Thus, res judicata means a valid, existing final judgment from a court of competent jurisdiction is conclusive with regard to claims raised, or those that could have been raised and determined, as to [the] parties and their privies in all other actions. Res judicata applies even if subsequent claims are based upon a different legal theory.'

" 'Under res judicata principles, it is inappropriate to rehash issues which were tried or could have been tried by the court in prior proceedings.' *Laib v. Laib*, 2010 ND 62, ¶ 10, 780 N.W.2d 660 (quoting *Wetch v. Wetch*, 539 N.W.2d 309, 311 (N.D.1995)). Res judicata or claim preclusion 'bars courts from relitigating claims in order to promote finality of judgments, which increases certainty, avoids multiple litigation, wasteful delay and expense, and ultimately conserves judicial resources.'

*Lucas v. Porter*, 2008 ND 160, ¶ 16, 755 N.W.2d 88."

2010 ND 221, ¶ 10, 791 N.W.2d 33. " 'Claim preclusion prevents parties and those in privity with them from raising legal theories, claims for relief, or defenses which could have been raised in the prior litigation, even though such claims were never actually litigated in the prior case.' " *Riverwood Commercial Park, LLC*, at ¶ 14 (quoting 18 James W. Moore, *Federal Practice* § 131.13[1] (3d ed. 2006)). "The applicability of res judicata or collateral estoppel is a question of law, fully reviewable on appeal." *Missouri Breaks, LLC*, at ¶ 10.

[¶ 9] Mills argues the municipal court and the district court in the 2004 proceedings were not courts of "competent jurisdiction" to impose an excessive fine against him because a traffic fine exceeding statutory authority is void, at least with respect to the portion of the fine exceeding the amount permitted under state law, and "[v]oid judgments may be attacked in any proceeding, directly or collaterally." *Johnson v. Ranum*, 62 N.D. 607, 244 N.W. 642 Syll. 3 (1932). Mills relies on a series of criminal cases exemplified by *Waltman v. Austin*, 142 N.W.2d 517, 518 Syll. 2 and 3 (N.D.1966), in which this Court held that a trial court "exceed[ed] its jurisdiction" when it imposed a part of the criminal sentence in excess of the statutory maximum and that the excess beyond what could have been lawfully imposed was "void." *See also, e.g., State v. Lesmeister*, 293 N.W.2d 875, 878 (N.D. 1980) ("Only that part of a sentence that exceeds that which is authorized by law is void."). However, we have recognized "*Waltman* was expressly limited to those situations in which a lower court imposed a criminal sentence in excess of that authorized by statute," and we have rejected the "position that a court in a civil action ex-

ceeds its jurisdiction if it erroneously construes a statute." *Kostelecky v. Engelter*, 278 N.W.2d 776, 779 (N.D.1979). *Waltman* demonstrates "the substantial nature of the right to correct an illegal sentence," *State v. Nace*, 371 N.W.2d 129, 131 (N.D. 1985), now emphasized by N.D.R.Crim.P. 35(a)(1), which allows the "sentencing court" to correct an illegal sentence "at any time." The fine imposed on Mills by the municipal court and affirmed by the district court was for a noncriminal traffic offense and not a sentence imposed in a criminal proceeding. We do not apply criminal jurisdictional principles in this case where Mills characterizes his claim as one for "money had and received" based on "unjust enrichment."

[¶ 10] A court is a court of competent jurisdiction to issue a valid order or judgment if the court has "jurisdiction over both the subject matter of the action and the parties." *Giese v. Giese*, 2004 ND 58, ¶ 6, 676 N.W.2d 794; *see also, e.g.*, *Interest of M.W.*, 2010 ND 135, ¶ 5, 785 N.W.2d 211; *Investors Title Ins. Co. v. Herzig*, 2010 ND 138, ¶ 57, 785 N.W.2d 863. This Court has long recognized that "[j]urisdiction of the court does not depend upon whether its decision is right or wrong, correct or incorrect." *Matter of Edinger's Estate*, 136 N.W.2d 114, 120 (N.D.1965); *see also, e.g.*, *Fredericks v. Eide–Kirschmann Ford, Mercury, Lincoln, Inc.*, 462 N.W.2d 164, 168 (N.D.1990); *Baker v. Lenhart*, 50 N.D. 30, 35, 195 N.W. 16, 17 (1922).

[¶ 11] In 2004, the municipal court and the district court had subject matter jurisdiction over the careless driving proceedings because they had the "power to hear and determine the general subject involved in the action." *Giese*, at ¶ 6. There is no question those courts also had jurisdiction or " 'power' " over the parties. *Interest of M.W.*, at ¶ 5 (quoting *Albrecht v. Metro*

*Area Ambulance*, 1998 ND 132, ¶ 10, 580 N.W.2d 583). We conclude the municipal court and the district court were courts of competent jurisdiction for purposes of applying the doctrine of res judicata to Mills's 2004 case.

[¶ 12] "[A]n action based on an omitted defense cannot be permitted in guise of a claim for restitution of a former judgment already paid or for damages measured by its execution." 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4414, at 326–27 (2d ed. 2002) (footnote omitted); *see also* 18 James Wm. Moore, *Moore's Federal Practice* § 131.10[3][c] (3d ed. 2011) ("A claim, for purposes of claim preclusion, includes not only those matters actually addressed by the prior judgment, but those matters which could have been raised in that action ... includ[ing] any defenses which could have been asserted in the prior litigation.") (footnote omitted). This principle is illustrated by two decisions of the Vermont Supreme Court.

[¶ 13] In *Chittenden Trust Co. v. MacPherson*, 139 Vt. 281, 427 A.2d 356, 357 (1981), the court had earlier ruled in direct appeals from probate court decisions that probate distribution fees violated the state constitution and directed a refund of a portion of the fees already paid. After those decisions were rendered, the executor of two closed estates brought a class action lawsuit against the state commissioner of finance seeking recovery of probate distribution fees paid to the state before the fees were declared unconstitutional. *Id.* at 357. The court held the lawsuit was foreclosed by res judicata because the plaintiffs failed to challenge the fees in their probate court proceedings, reasoning the "fee here was imposed in the course of a judicial proceeding with an appealable ruling" and "the probate court

has jurisdiction to make a wrong, as well as a right, decision." *Id.* at 358. The court refused to abrogate

> "res judicata, long established in our law, and permit a taxpayer who has lost in one suit and failed to appeal the result to bring a new action hoping for a different outcome. The simple fact is that the prejudgment diligence demonstrated by the fiduciaries in [the prior cases involving challenges in direct appeals from probate court] was not exercised in the estates here in question. Perhaps understandable in the routine administration of estates under a statute unchallenged over a relatively long period, it is nevertheless insufficient reason to disturb a final judgment of a court of competent jurisdiction."

*Id.* at 359.

[¶ 14] *MacPherson* was followed by the court in *Merrilees v. Treasurer*, 159 Vt. 623, 618 A.2d 1314 (1992). The plaintiffs brought a class action lawsuit challenging the constitutionality of a $5 surcharge on certain penalties and fines paid to the state. *Id.* at 1315. The court concluded the lawsuit was barred by res judicata:

> "Although there is no record on this point, the parties do not dispute that members of the plaintiff class were subject to criminal or administrative proceedings in which each paid the surcharge without objecting on constitutional grounds. The [constitutional] issue, without doubt, could have been raised in those proceedings. Instead, these litigants were joined together in a class action, a collateral proceeding initiated after their own individual proceedings were completed, which is precisely the type of attack that *MacPherson* condemns."

*Merrilees*, at 1316. The court rejected the argument that policies favoring class actions should be recognized over those favoring res judicata when individual claims involve small amounts:

> "Here, as in *MacPherson*, the issue is finality, not the obvious utility of aggregating small claims in a class action. By failing to raise the asserted illegality of the surcharge to the court assessing the charge, plaintiffs, by their own inaction, have created the necessity for aggregation. If they prevail, the burden shifts to the state to locate and reimburse persons who failed to complain about the charge when it was directly before the court. Under these circumstances, plaintiffs' aggregation argument does not outweigh the need for finality."

*Merrilees*, at 1316–17. *See also Esteves v. Ortiz Alvarez*, 678 F.Supp. 963, 965–67 (D.Puerto Rico 1988) (res judicata barred civil rights claim in federal court challenging fine as illegal where fine had been enforced in Puerto Rico court). These decisions are instructive and persuasive.

[¶ 15] Here, Mills did not challenge in municipal court or in district court the City's authority to assess traffic fines exceeding those permitted under state law. Although Mills claims he asserted the argument in a petition for rehearing submitted to this Court after dismissal of his appeal, we are unable to divine from review of the document that this argument was specifically raised. But even if the argument was raised in the document, this Court will not consider arguments first raised in a petition for rehearing. *See Northern Pac. Ry. Co. v. Warner*, 77 N.D. 721, 739–40, 45 N.W.2d 196, 205 (1950) (on petition for rehearing); *In re Tooz' Estate*, 76 N.D. 492, 501, 37 N.W.2d 493, 498 (1949) (on petition for rehearing). We recognize that Mills was self-represented during the 2004 proceedings, but we do not apply statutes or rules differently when a party is self-represented. *See, e.g., Evenstad v. Buchholz*, 1997 ND 141, ¶ 8, 567

N.W.2d 194. Because Mills failed to challenge the legality of the City's traffic fine scheme during the 2004 state court proceedings, we conclude the district court correctly ruled this lawsuit is barred by res judicata.

### III

[¶ 16] We do not address other arguments raised because they are either without merit or unnecessary to the decision. The judgment is affirmed.

[¶ 17] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.