NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 60

No. 2019-051

| | |
|---|---|
| In re Purvis Nonconforming Use (Luke Purvis, Appellant) | Supreme Court |
| | On Appeal from Superior Court, Environmental Division |
| | June Term, 2019 |

Thomas S. Durkin, J.

Hans G. Huessy of MSK Attorneys, Burlington, for Appellant.

Kimberlee J. Sturtevant and Nicholas J. Lopez, City Attorneys, Burlington, for Appellee City of Burlington.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1.    **ROBINSON, J.**   Luke Purvis appeals the Environmental Division's denial of his motion for relief under Vermont Rule of Civil Procedure 60(b)(1) and (2). He argues that his motion is not time-barred because the order from which he seeks relief was not actually a final judgment entered more than a year before he filed his motion. We affirm.

¶ 2.    In September 2014, the City of Burlington Code Enforcement Office notified Purvis that it had received a complaint regarding unpermitted expansion of the parking area on his property. It ordered Purvis to restore the area to green space.

¶ 3.    Purvis appealed to the Development Review Board, arguing that the expansion of the parking area was an unenforceable permit violation under 24 V.S.A. § 4454, as the expansion first occurred over fifteen years ago. After reviewing various affidavits, drawings, photos, and

other exhibits submitted by the City and Purvis, the Board found no violation because it concluded that parking in the area had stopped. Because it found that parking in the area had ceased for a period in excess of sixty days, it held that Purvis had lost the benefit of the fifteen-year limitation on enforcement actions under § 4454 and any potential claim to reestablish the right to expanded parking.

¶ 4. Purvis appealed that determination to the Environmental Division in May of 2015. In August 2016, the parties entered into a settlement agreement.[1] That agreement provided that the parties would "dismiss the Lawsuit WITHOUT prejudice; all arguments and contentions of the Parties are preserved in the event of subsequent litigation concerning permits for and/or alleged violations or non-conformance of the Purvis property." It also provided that "[t]he City and Purvis will meet in another mediation no later than January 15, 2017, to attempt to resolve all disputes related to the compliance of the Purvis property with the City's zoning ordinance."

¶ 5. The parties also filed a Stipulated Order, which the court entered on September 26, 2016, dismissing the matter "WITHOUT PREJUDICE to the rights of either [Purvis] or the City to request that the Court reopen [it], pursuant to the terms of the Agreement." The Order said that if either party moved to reopen the matter, "the Court shall grant such motion with no need to file a new appeal or pay a new appeal filing fee; the Docket Number shall remain the same and the legal issues to be addressed shall be controlled by the Statement of Questions filed in this matter." Finally, the Order gave the parties "until August 1, 2017 to file a Motion to Re-open, or a Motion to extend the period for filing such a Motion. If no such filing is made, the underlying Burlington Development Review Board decision shall become enforceable and the appeal period for said decision shall be deemed to have expired."

---

[1] The settlement agreement involved two sets of issues—issues between Purvis and the City involving zoning restrictions and issues between Purvis and an adjoining neighbor concerning a related land dispute. The latter set of issues are not part of this case.

2

¶ 6.     The parties never engaged in the mediation contemplated in the settlement agreement.  No party filed a motion to reopen or extend before August 1, 2017.

¶ 7.     In March of 2018, Purvis moved for relief from the Stipulated Order pursuant to Vermont Rule of Civil Procedure 60(b)(6), arguing that he should be granted relief because he had been represented by conflicted counsel at the time he entered into the Settlement Agreement and submitted the Stipulated Order, and because he had relied on the City's expressed willingness to mediate after the August 2017 deadline.  He requested "that the Court exercise its equitable powers and extend the August 1, 2017 deadline [for filing a motion to extend the time to reopen the matter] to August 1, 2018."  On June 8, 2018, he filed a response to the City's opposition to his motion in which he argued that the discovery of new evidence provided further grounds for extending the August deadline.  He claimed that the City had negligently failed to produce a 1968 zoning permit obtained by his predecessor-in-interest to do work on cars on the property.  He said the City's failure to produce this permit had led the Development Review Board to conclude there were no zoning permits for the property.  He "concede[d] that the existence of this permit does not conclusively establish that the parking on the . . . lot is a permitted use," but argued "it does provide a basis on which one could reasonably conclude that it was."

¶ 8.     The Environmental Division held that the motion for relief was unwarranted because Purvis did not file a motion to reopen or extend the time for such a motion before the August 1, 2017 deadline contemplated in the Stipulated Order.  The court ruled that Purvis's Rule 60(b)(6) motion was not filed within a reasonable time, and to the extent that he was making a Rule 60(b)(2) or (3) motion based on newly discovered evidence and negligence by the City, it was untimely because it was filed over a year after the court entered the Stipulated Order in September 2016.

¶ 9.     Purvis moved to reconsider, arguing that because the Stipulated Order allowed the parties to reopen the case until August 1, 2017, the Order did not become final until that date, and

3

he should be granted relief under Rule 60(b)(1) and (2).[2] The Environmental Division also denied

that motion, holding that Purvis's Rule 60(b)(1) and (2) motion was untimely because the August

2017 deadline in the Stipulated Order was "not conditional" and was a "settled term[] from the

day this Court entered the Order" in September 2016.

¶ 10. Purvis appeals, arguing that the Environmental Division erred in determining that

its September 2016 Order was final for purposes of calculating the one-year period for filing a

Rule 60(b)(1) and (2) motion, when the Order remained subject to a motion to reopen until August

2017. He contends that his motion for relief should be granted because the late-disclosed 1968

permit supports an inference that the parking area should be treated as a grandfathered structure

rather than as a noncompliant structure that has remained in place for fifteen years.[3] Purvis does

not challenge on appeal the Environmental Division's ruling on the Rule 60(b)(6) motion.

¶ 11. We conclude that the Stipulated Order was a final judgment when issued, and the

time to file a motion for relief under Rule 60(b) began to run when it was entered on September

26, 2016. The Environmental Division thus correctly determined that no relief was available to

Purvis under Rule 60(b)(1) or (2), as he did not move for such relief within the one-year period

allowed by the Rule.

¶ 12. When the Stipulated Order became final is a question of law that we review without

deference to the Environmental Division. TBF Fin., LLC v. Gregoire, 2015 VT 36, ¶ 19, 198 Vt.

607, 118 A.3d 511 (finality of judgment is question of law reviewed without deference);

---

[2] Rule 60(b)(1) authorizes relief from judgment for "mistake, inadvertence, surprise, or excusable neglect," and 60(b)(2) allows relief from judgment on account of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial." A motion under Rule 60(b)(1) or Rule 60(b)(2) must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." V.R.C.P. 60(b).

[3] He argues that this distinction is important because as a grandfathered use, it would not be considered abandoned if not used for only sixty days; it would only be considered abandoned after one or two years of non-use.

Youngbluth v. Youngbluth, 2010 VT 40, ¶ 8, 188 Vt. 53, 6 A.3d 677 ("[T]he proper interpretation of a previous court order is strictly a question of law that we must determine independently." (quotation omitted)).

¶ 13. In determining whether an order is final, "our test [is] that a judgment is final when it makes a final disposition of the subject matter" such that there are no "outstanding issues to be decided." Russell v. Russell, 157 Vt. 295, 301, 597 A.2d 798, 802 (1991); see also Gregoire, 2015 VT 36, ¶ 19 ("A final order is one that ends litigation on the merits or conclusively determines the rights of the parties, leaving nothing further for the court to do but execute the judgment." (quotation and alteration omitted)). The Stipulated Order disposed of the issues in the case, leaving none outstanding to be decided. While it left the parties a window of time in which they could move to reopen, it left nothing for the court to do. Indeed, it explicitly dismissed the action. Accordingly, we conclude the Stipulated Order was a final order when entered on September 26, 2016.

¶ 14. We agree with Purvis that some of the provisions in the Stipulated Order are in logical tension with the Order's dismissal of the action—including the provisions allowing the parties to move to reopen the matter before August 1, 2017 with no apparent threshold showing and no filing fee, and providing that if no such motion to reopen or extend was made, the Burlington Development Review Board decision would then "become enforceable and the appeal period for said decision shall be deemed to have expired." Purvis is not wrong in arguing that functionally the September 2016 Order operated as a time-limited stay of litigation to permit mediation to occur, with an automatic dismissal of the appeal at the end of the period. But the parties expressly structured the Stipulated Order as a final order effective in September 2016 in the event that no party sought to reopen it by August 1, 2017. The Stipulated Order was procedurally unorthodox, and litigants and courts would be well advised not to follow its model. Nonetheless, we are called upon to determine when for the purposes of a motion pursuant to Rule

60(b) the Order was deemed final. We are persuaded that the better course in the face of this somewhat internally inconsistent Order is to hold the parties to their stipulation, as approved by the court, that if no filing was made by August 1, 2017—seeking to reopen or to extend the time for filing a motion to reopen—"the underlying Burlington Development Review Board decision shall become enforceable and the appeal period for said decision shall be deemed to have expired." (Emphasis added). This provision clearly signifies the parties' intent, reflected in the court's Order, that in the absence of a filing by August 1, 2017—and there is no dispute that no party filed any motion by this date—the Order should be deemed final as of September 26, 2016.

¶ 15.   Given this conclusion, the Environmental Division was correct in holding that Purvis's motions under Rule 60(b)(1) and (2) (to the extent he made them) were untimely because they fell outside of the one-year deadline, and the court did not err in denying Purvis's motion to reconsider.

Affirmed.

FOR THE COURT:

_____

Associate Justice

6