VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 88-7-19 Vtec



| Purvis North Willard Street |
| --- |

# ENTRY REGARDING MOTION

Title:          Motion in Limine Motion in Limine (Motion: 2)

Filer:          Hans G. Huessy, attorney for Appellant Luke Purvis

Filed Date:     November 19, 2020

Response in Opposition to Appellant's Motion in Limine filed on November 30, 2020, by
     Kimberlee J. Sturtevant, attorney for the City of Burlington.

Reply in Support of Appellant's Motion in Limine filed on December 1, 2020, by Hans G. Huessy,
     attorney for Appellant Luke Purvis.

The motion is **DENIED**.

Appellant Luke Purvis ("Applicant") appeals a June 28, 2019 decision of the City of
Burlington Development Review Board ("DRB") determining that a three-unit dwelling and
associated parking areas[1] on Applicant's property could not be recognized as lawful preexisting
nonconforming uses or unenforceable zoning violations.[2]  Presently before the Court is
Applicant's motion in limine to address the scope of the issues for trial and establish whether the
Court will hear evidence as to Appellant's right to use the "south parking area" or "easement
area" ("Disputed Area" or "DA") to the south of Appellant's driveway.  The City of Burlington
("City") contends that Appellant is precluded from introducing evidence regarding the use of the
DA.

---

[1] The associated parking areas include one north and one to the south of the driveway.

[2] Applicant owns property located at 164 North Willard Street in Burlington, Vermont and appeals the DRB decision
for the purpose of identifying an unpermitted triplex and two unpermitted parking areas on his property as lawful
preexisting nonconformities, or, in the alternative, as zoning violations which cannot be prosecuted due to the 15-
year statute of limitations set forth in 24 V.S.A. § 4454(a).

Applicant is represented by Hans G. Huessy, Esq.  The City of Burlington is participating as an interested person in this matter and is represented by Kimberlee J. Sturtevant, Esq.

**Discussion**

Currently before the Court is Applicant's motion in limine to include evidence addressing Applicant's right to use the DA and that Applicant's use was not discontinued.  Applicant seeks to present evidence that the DA is a preexisting nonconforming use, or, in the alternative, that the use was approved in the prior owner's 1968 permit.  These issues are raised in Question 3 of Applicant's Statement of Questions, which asks: "Did the [DRB] err in determining that Appellant's property does not have a parking area located to the south of the paved driveway?"  See Appellants Statement of Questions at 1, filed Aug. 12, 2019.

Applicant argues that claim preclusion does not bar discussion of whether the DA was a preexisting nonconforming use because the August 23, 2016 settlement agreement[3] preserves all "arguments and contentions . . . in the event of subsequent litigation concerning permits and/or violations of nonconformance."  See Purvis Nonconforming Use, No. 45-5-15 Vtec. slip op. at 1–2 (Vt. Super. Ct. Envtl. Div. Sept. 26, 2016) (Durkin, J.) (addressing the settlement agreement).  Applicant also contends that because the 2015 DRB decision in Purvis Nonconforming Use did not disclose the 1968 permit until after the DRB's decision and 2016 settlement agreement was executed, claim preclusion should not apply.  As a final point, Applicants assert that the City is barred from asserting the defense of collateral estoppel or res judicata at trial as the City failed to raise the issue in a responsive pleading or move to strike or dismiss Applicant's Questions addressing the DA.

The City counters that issues concerning the DA have already been addressed though prior litigation and final permit decisions including a 2011 zoning permit identifying the DA areas as green space, the final 2015 DRB decision, and the Vermont Supreme Court decision in the prior litigation.  In re Purvis Nonconforming Use, 2019 VT 60.  The City also argues that they are not precluded from raising issues regarding Applicant's Statement of Questions prior to or during a *de novo* hearing.

I.      **Whether the City is barred from asserting claim preclusion when the City did not move to strike or dismiss Question 3 of Applicant's Statement of Questions.**

Applicant argues that, pursuant to V.R.C.P. 8(c), the City waived the affirmative defense of *res judicata* or claim preclusion.[4]  Merrilees v. Treasurer, 159 Vt. 623, 623 (1992) (mem.)

---

[3]  A settlement agreement was reached and the Court issued a stipulated order in Purvis Nonconforming Use, Docket No. 45-5-15 Vtec. dismissing the matter without prejudice and noting that the underlying Burlington Development Review Board decision shall become enforceable.  See Purvis Nonconforming Use, No. 45-5-15 Vtec. slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 26, 2016) (Durkin, J.); see also In re Purvis Nonconforming Use No. ZP1 5-0797AP, Findings of Fact at 1–3 (Burlington Dev. Rev. Bd. Apr. 24, 2015).

[4]  The waiver rule is premised on the necessity to provide notice to all parties regarding the issues on appeal.  Merrilees v. Treasurer, 159 Vt. 623, 623 (1992) (mem.).  In accordance with this, the Vermont Supreme Court has accordingly permitted exceptions to this general rule where "notice considerations are not implicated."  Id.

*Entry Regarding Motion*      *Page 2 of 5.*

*Purvis North Willard Street, No. 88-7-19 Vtec slip op. (Vt. Super. Ct. Envtl. Div. December 8, 2020) (Durkin, J.).*

(noting that *res judicata* is an affirmative defense).  The City argues V.R.E.C.P. 5(f) requires that "[n]o response to the statement of questions shall be filed" and therefore the City did not waive claim preclusion.  We agree.

The Vermont Supreme Court has held that claim preclusion, a principal barring the relitigation of claims already determined between parties, "operates with more flexibility when applied to municipal zoning decisions than to civil decisions."  In re Ferro & Pomeroy Demo/Const. Permit, No. 197-10-09 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Nov. 22, 2011) (Durkin, J.) (citing In re Dunkin Donuts Site Plan Amendment Application, 2004 VT 123, ¶¶ 10-11; see generally Faulkner v. Caledonia County Fair Assoc., 2004 VT 123, ¶¶ 8–10, 178 Vt. 51.  Indeed, within the Environmental Division claim preclusion "does not apply to administrative proceedings as an inflexible rule of law."  In re Carrier, 155 Vt. 152, 157 (1990).  Although the principles of claim preclusion "generally apply in zoning cases as in other areas of the law," the doctrine of finality under 24 V.S.A. § 4472(d) is a distinct set of preclusive rules developed specifically for zoning proceedings of this nature.  In re Application of Lathrop Ltd Partnership, 2015 VT 49, ¶ 59; In re Wells Accessory Bldg. Application, No. 177-12-14 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Aug. 11, 2015) (Durkin, J.).

Finality provides an exclusive remedy for contesting a zoning act or decision which requires that "all interested parties be bound by [the act or decision] . . . and shall not thereafter contest, either directly or indirectly the decision or act" in any subsequent proceeding.  24 V.S.A. § 4472(d); In re Ashline, 2003 VT 30, ¶¶ 8–11, 175 Vt. 203.  Given the flexibility of claim preclusion, the role of § 4472 in barring collateral attack on the 2015 DRB and subsequent 2019 Supreme Court decisions, and the plain language of V.R.C.P. 5(f), which requires that "no response be filed," we see no basis for barring the City from asserting claim preclusion. Therefore, the City is not barred from asserting these defenses at trial.

II.    **Whether Applicant is precluded by the 2011 Zoning Permit No. 12-0277CA from asserting that the south parking lot was included as part of the 1968 permit.**

The City contends that use of the DA for parking constitutes a collateral attack, pursuant to 24 V.S.A. § 4472(d), on a final 2011 zoning permit issued to owners of an adjacent property at 158 North Willard Street, which identifies the DA, or easement area, as "green space."  See Appellee City of Burlington's Exhibit 1, filed Nov. 20, 2020 (including Zoning Permit 12-0277CA, which sought the addition of a wooden deck).  Applicant counters that neither Applicant nor his predecessor in interest sought interested person status as a party to that permit application, received notice, or sought to challenge the permit's purpose to add a deck.

Generally, a failure to timely appeal decisions such as the cited the zoning permit approval here "binds all interested parties to the determinations made therein."  24 V.S.A. § 4472(d); In re Banyai Variance, No. 53-5-18 Vtec, slip op at 6 (Vt. Super. Ct. Envtl. Div. Jan. 04, 2019) (Walsh, J.).  The Vermont Supreme Court, however, has shown a clear reluctance to apply § 4472(d) broadly in circumstances involving neighbors' failure to appeal a zoning decision where there is little or inadequate notice or participation.  In re Burns Two-Unit Residential Bldg., 2016 VT 63, ¶ 14, 202 Vt. 234 (2016) (noting that a neighbor's failure to appeal where neighbors had little or no means

of gaining notice raises due process concerns); see also In re Fairchild, 159 Vt. 125, 131 (1992). This case mirrors the concerns expressed in Burns Two-Unit Residential Bldg. Namely, where there exist few means of receiving adequate notice and neither Applicant nor his predecessor in interest entered an appearance or were joined as an interested party to participate. See Alpine Haven Prop. Owners Ass'n, Inc. v. Deptula, 2003 VT 51, ¶ 14, 175 Vt. 559 (2003) (noting that a homeowner was a "party in a prior action; thus the privity requirement [of collateral estoppel] is satisfied").

Moreover, the City has made no showing that Applicant constituted an interested party, pursuant to 24 V.S.A. § 4465(b)(3), or that proper notice given. Pursuant to 24 V.S.A. § 4465(b)(3), an interested party is an individual that owns or occupies property in the immediate neighborhood of the subject property and "who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality." While Applicant is a neighbor who currently owns adjacent property, the City has made no showing that Applicant's interests were impacted. For these reasons, we conclude that Applicant is not collaterally estopped from arguing that the portion of the DA that is located on the neighboring property is a preexisting nonconforming use due to the issuance of a 2011 zoning permit No. 12-0277CA that refers to the DA as a "green space."

### III. Whether Applicant is precluded by the 2019 Vermont Supreme Court decision from asserting that south parking lot was a preexisting nonconforming use.

Applicant further argues that neither the 2015 DRB decision nor the 2019 Supreme Court decision addressed whether the DA was a (1) pre-existing non-conforming use or (2) was part of the '68 Permit that allowed the prior owner to work on cars and junk cars on the property. Applicant claims that the sole argument presented to the DRB in the prior litigation was that the DA was a *Bianchi* violation, and therefore the issues of whether the DA is a preexisting nonconforming use or as an implied component of the 1968 permit are not barred. In addition, Applicant argues he and the City expressly agreed in the settlement agreement that claim preclusion would not bar future litigation of any issue not resolved by the 2015 DRB decision. The City counters that the 2019 Decision precludes this subsequent, collateral review of the DA.

Here, the 1968 permit was not disclosed until after the settlement agreement and the 2015 DRB decision. While this issue could not be litigated in the 2015 DRB proceeding, it was raised before the Environmental Division and the Vermont Supreme Court in the subsequent litigation. Applicant identified the 1968 permit and moved for relief from the September 26, 2016 Stipulated Order over one year later in March of 2018. See In re Purvis, No. 45-5-15 Vtec, slip op. at 1–4 (Vt. Super. Ct. Envtl. Div. Sept. 25, 2018) (Durkin, J.); see also In re Purvis, No. 45-5-15 Vtec, slip op. at 1–3 (Vt. Super. Ct. Envtl. Div. Jan. 15, 2018) (Durkin, J.) (addressing Applicant's motion to reconsider). In the motion Applicant argued that new evidence provided further grounds for extending the August deadline recorded in the Stipulated Order. Id. at 3–4 (discussing newly discovered evidence and denying Applicant's motion for relief as untimely); see also In re Purvis Nonconforming Use, 2019 VT 60, ¶¶ 5–11 (upholding the Environmental Division's decision). In both the Environmental Division's Entry Order and Supreme Court

Decision concerning the motion for relief, the settlement agreement and newly discovered evidence, the 1968 permit, were before the Court.

The Supreme Court addressed the new evidence, stating that "[Applicant argues that] the late disclosed 1968 permit supports an inference that the parking area should be treated as a grandfathered structure rather than as a noncompliant structure that has remained in place for fifteen years." In re Purvis Nonconforming Use, 2019 VT ¶¶ 10–13 (noting that the Applicant contends "this distinction is important because as a grandfathered use, it would not be considered abandoned if not used for only sixty days; it would only be considered abandoned after one or two years of non-use"). Upon consideration of this evidence, the Supreme Court concluded that the Stipulated Order was a final judgement such that there were no "outstanding issues to be decided" and the new evidence was untimely under V.R.C.P. 60(b). Id. (citing Russell v. Russell, 157 Vt. 295, 301 (1991)). The scope of the 2019 Decision and this Court's Entry Order both considered whether the new evidence justifies reopening that litigation and concluded that it did not. See In re Purvis, No. 45-5-15 Vtec, slip op. at 3 (Jan. 25, 2019); In re Purvis Nonconforming Use, 2019 VT ¶¶ 10–13. Given this ruling, this Court is bound by precedent, which precludes Applicant from raising issues and introducing evidence denied as untimely by the 2019 Supreme Court Decision.

## Conclusion

For the reasons stated above, we **DENY** Applicant's motion in limine. Therefore, this Court concludes that Applicant is precluded from introducing evidence regarding the prior use and permitting of the DA.

**So Ordered.**

Electronically signed on December 8, 2020 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

*Entry Regarding Motion*                                                                    Page **5** *of* **5.**

*Purvis North Willard Street*, No. 88-7-19 Vtec slip op. (Vt. Super. Ct. Envtl. Div. December 8, 2020) (Durkin, J.).