VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket Nos. 25-ENV-00030
25-ENV-00031
25-ENV-00032

| Bellows Falls Hydroelectric Project Water Quality Cert. Appeal, et al. |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Alter and/or Reconsider Decisions (Motion #5)

Filer:          Ronald A. Shems, Esq., Nicolas AE Low, Esq., Jon Mark Groveman, Esq., John Mason Christian Overstreet, Esq., co-counsel for Appellants

Filed Date:     December 18, 2025

Memorandum in Opposition to Appellants' Motion, filed by Merrill E. Bent, Esq., Suzanne R. Armor, Esq., co-counsel for Applicant, on December 24, 2025

Appellants' Reply to GRH Opposition to Motions for Reconsideration and Interlocutory Appeal, filed by Ronald A. Shems, Esq., et al., on January 7, 2026

**The motion is DENIED.**

These coordinated matters involve appeals by Connecticut River Conservancy (CRC), Vermont Natural Resources Council (VNRC), Conservation Law Foundation (CLF), and American Whitewater (AW) (collectively, Appellants), from water quality certifications (WQCs) issued by the Vermont Agency of Natural Resources (ANR) to Applicant/Appellee, Great River Hydro, LLC (Applicant) for hydroelectric projects located on the Connecticut River in Bellows Falls, Vernon and Wilder, Vermont, respectively. ANR issued each of the relevant certifications with conditions on April 16, 2025. The WQCs were timely appealed on May 16, 2025.

On June 5, 2025, Appellants filed a Statement of Questions consisting of eighteen Questions in each appeal docket. Applicant moved to dismiss all Questions before the Court either pursuant to V.R.C.P. 12(b)(1), for lack of subject matter jurisdiction, or pursuant to V.R.C.P. 12(b)(6), for failure to state a claim upon which relief can be granted. ANR supported Applicant's motion with respect to Questions 1 and 2 and took no position with respect to the remaining aspects of the motion. Appellants opposed the motion and moved to amend their Statement of Questions, which Applicant opposed. Appellants also moved to vacate the WQCs and for judgment on Questions 1 and 2.

By Decision on Motions dated December 4, 2025, the Court granted Applicant's motion to dismiss Questions 1 and 2, both as originally submitted and as revised, for lack of statutory standing under 10 V.S.A. § 8504(d)(2)(A). See In re Bellows Falls Hydroelectric Project Water Quality Cert. Appeal, et al., No. 25-ENV-00030, 25-ENV-00031, 25-ENV-00032 (Vt. Super. Ct. Envtl. Div. Dec. 4, 2025) (McLean, J.). In so doing, the Court reviewed Appellants' Notices of Appeal, Statement(s) of Questions, comments submitted to ANR, agency responsiveness summaries and the WQCs to evaluate whether Appellants submitted comments to ANR regarding the issues raised by Questions 1 and 2. The Court focused particularly on those pages of various exhibits that Appellants themselves had identified as detailing their comments on, or related to, the issues raised in their proposed Questions 1 and 2. The Court also evaluated whether Appellants had provided comments to ANR that intrinsically raised the issues contained in Questions 1 and 2. The Court concluded that Appellants did not submit comments, either directly or indirectly, that explicitly or intrinsically raised the issues within Questions 1 and 2 and, therefore, Appellants lacked standing to raise those issues and the Court did not have jurisdiction to consider those Questions. The Court also concluded that Questions 1 and 2 were inconsistent with this Court's de novo hearing standard. As a result, we dismissed Questions 1 and 2. In addition, by Entry Order dated December 4, 2025 (Entry Order), the Court denied Appellants' motion to vacate and for judgment on Questions 1 and 2, observing that Appellants' motion lacked support based in any procedural rule.

Appellants have now asked the Court to reconsider both its Decision on Motions and Entry Order "pursuant to V.R.C.P. 59(e), 60(b)(1) & (6), and a court's inherent authority to reconsider its decisions." Motion to Alter and/or Reconsider Decisions at 1 (filed Dec. 18, 2025).

The Court analyzes motions to reconsider under V.R.C.P. 59(e), governing motions to alter or amend judgments.[1] V.R.C.P. 59(e). Rule 59(e) endows this Court with broad power to alter or amend a prior decision. In re SP Land Co., LLC, 2011 VT 104, ¶ 16, 190 Vt. 418 (quotation omitted). "Rule 59(e) motions to alter or amend judgment allow the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of a record resulting from the mistake or

---

[1] By its plain language, Rule 60(b) applies only to requests for relief "from a final judgment, order, or proceeding." V.R.C.P. 60(b) (emphasis added). The Vermont Supreme Court has consistently directed that Rule 60(b) should be "applied guardedly and only in extraordinary circumstances . . . [given] the important interest in finality of judgments." Miller v. Miller, 2008 VT 86 ¶ 27 (internal citations and quotations omitted); In re Purvis Nonconforming Use, 2019 VT 60, ¶ 13 ("In determining whether an order is final, our test [is] that a judgment is final when it makes a final disposition of the subject matter such that there are no outstanding issues to be decided.") (internal quotations and citations omitted). While Appellants have also moved for relief under V.R.C.P. 60(b)(1) and 60(b)(6), we construe their Rule 60(b) motion as a motion to alter or amend under Rule 59(e) since the Court's Decision on Motions and Entry Order were not themselves final judgments and were issued within 28 days prior to the motion to reconsider being filed.

inadvertence of the court and not the fault or neglect of a party. A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence." Sutton v. Purzycki, 2022 VT 56, ¶ 67 (internal quotation omitted). However, the Court considers such motions to be an "extraordinary remedy that should be used sparingly." Mountain Top Inn & Resort JO, No. 23-3-17 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Feb. 14, 2019) (Durkin, J.) (citation omitted).

Thus, this Court will only grant a Rule 59(e) motion for one of four reasons: "[1] to correct manifest errors of law or fact on which the decision was based, [2] to allow the moving party to present newly discovered or previously unavailable evidence, [3] to prevent manifest injustice, or [4] to respond to an intervening change in the controlling law." Id. at 2 (quoting In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 10, 2008) (Wright, J.) (quoting 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil § 2810.1 (2d ed. 1995)). Importantly, Rule 59(e) motions are "not intended as a means to reargue or express dissatisfaction with the Court's findings of fact and conclusions of law" and cannot "merely repeat[] arguments that have already been raised and rejected by the Court." Town Clarendon v. Houlagans MC Corp. of VT, No. 131-10-17 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Apr. 10, 2014) (Walsh, J.); Appeal of Van Nostrand, Nos. 209-11-04 Vtec, 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.).

Although Appellants filed a memorandum in support of their motion for reconsideration, they have failed to engage with the applicable legal standards under Rule 59(e), referenced above. Like their motion to vacate and for judgment on Questions 1 and 2, the pending motion is largely untethered from the applicable Civil Rules, most notably the legal standards applied to those rules. Indeed, nowhere in their memorandum of law do Appellants cite to or discuss the legal standards that apply to a motion to alter or amend under Rule 59(e). Instead, Appellants use their motion and memorandum principally to repeat arguments that have already been raised and rejected by the Court. Given that Rule 59(e) has a "narrow aim," N. Sec. Ins. Co. v. Mitec Elecs., Ltd., 2008 VT 96, ¶ 41, 184 Vt. 303, 319 (internal quotation omitted), and constitutes an "an extraordinary remedy that should be used sparingly," 11 C. Wright, et al., Fed. Prac. & Proc. Civ. § 2810.1 (3d ed., 2025 update), the Court concludes that Appellants have failed to articulate a legal basis for the Court to alter or amend its Decision on Motions and Entry Order.

Rather than engage with the Rule 59(e) standard, Appellants' motion largely seeks reconsideration of a matter that was not decided by this Court. This Court dismissed Question 1 and 2 for lack of statutory standing given the Court's conclusion that Appellants had failed to submit comments to ANR that intelligibly raised the issues presented by those Questions with sufficient

particularity to allow the agency to provide a meaningful response. Instead of challenging this conclusion within the context of the Rule 59(e) standard, the motion argues that the Court should reach the merits of Questions 1 and 2 and decide those issues in Appellants' favor. Dismissal of those Questions on standing grounds, however, necessarily means there was no decision on the merits of Questions 1 and 2. The Court cannot reconsider a conclusion that it did not reach.

With respect to the motion to reconsider the Entry Order regarding Appellants' motion to vacate and for judgment on Questions 1 and 2, the Court denied the latter motion because Appellants failed to cite to or discuss any procedural rule in support thereof. In their memorandum in support of the motion to alter and/or amend, Appellants argue that the Court should have referred to documents outside of the motion to remand and for judgment on Questions 1 and 2 to discern the procedural basis for the motion, much as the Court did in deciding Applicant's motion to dismiss those questions.

There is, however, a significant difference between the standards governing the disposition of these motions. On the one hand, referencing and analyzing documents outside of the pleadings when considering a Rule 12(b)(1) motion and evaluating whether the Court has subject matter jurisdiction is authorized under Vermont law. <u>Office of Auditor of Accounts v. Office of Attorney General</u>, 2025 VT 36, ¶ 8 (a trial court may consider evidence outside the pleadings in resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)). On the other hand, referencing outside materials to try to discern the procedural basis for a motion that contains no citation to any applicable procedural rule and functionally asks the Court for judgment on the merits of Questions 1 and 2 would constitute premature and improper action by this Court that has no support in the law. Vermont Rule of Civil Procedure 7(b)(1) provides that "[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, <u>shall state with particularity the grounds therefor</u> including a concise statement of the facts and law relied on, and shall set forth the relief or order sought." V.R.C.P. 7(b)(1) (emphasis added); see <u>Gardner v. Town of Ludlow</u>, 135 Vt. 87, 90–91 (dismissal of motion justified where motion does not set forth the grounds for relief sought and court is left to discover the grounds, if any). Thus, Rule 7 clearly places on the moving party the obligation to state with particularly the grounds for any motion, including its procedural basis.

Nowhere in their motion to vacate and for judgment on Questions 1 and 2 did Appellants—who have the benefit of four licensed Vermont attorneys serving as counsel or co-counsel—identify a single rule on which the motion was premised. The Court was left wholly to speculate about how,

and under what Rule(s), it was to evaluate Appellants' requests. Appellants have pointed to no law authorizing or obligating the Court to complete this work for them. Given Appellants' failure to cite to or discuss the procedural basis for the motion, the Court was under no obligation to review materials outside of the motion in an effort to determine a potentially valid procedural basis therefor and then, if successful, convert the same to a motion for summary judgment or otherwise provide Appellants with the merits relief they seek. Notably, Appellants' motion to alter and/or amend still does not identify a procedural rule under which the motion to vacate and/or for judgment on Questions 1 and 2 was based, nor does it argue that conversion of the motion to one for summary judgment was required. Accordingly, there is no factual or legal basis to reconsider the Entry Order.

For all of these reasons, the motion to alter or amend must be **DENIED**.

In reaching this conclusion, the Court notes that Appellants state in their memorandum that they are "unclear as to the extent of the Court's ruling" regarding Questions 1 and 2, and they "request clarification" with respect thereto. Specifically, through a series of rhetorical questions they ask the Court to clarify the extent to which they may present their arguments regarding the appropriate regulatory standards in this de novo proceeding. The Court construes this request as a motion for clarification of an interlocutory order pursuant to V.R.C.P. 54(b). Rule 54(b) provides in pertinent part that an interlocutory order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." V.R.C.P. 54(b). The Court has discretion to revise its interlocutory orders. Citimortgage, Inc. v. Dusablon, 2015 VT 68, ¶ 10.

The Court declines to revise its Decision on Motions and Entry Order. For the benefit of all parties, however, the Court will provide further analysis of its conclusions with respect to the scope of review of the regulatory standards before the Court.

We reiterate that 10 V.S.A. § 8504(h) requires the Court to hold a de novo hearing on those issues which have been appealed and that are properly raised by and within the scope of Appellants' Statement of Questions. 10 V.S.A. § 8504(h); V.R.C.P. 5(f) – Reporter's Notes (the statement "functions like a pleading to limit the issues that are heard on the appeal"). In this case, the Court dismissed Questions 1 and 2 of Appellants' Statement of Questions (as originally proposed and as revised) for lack of statutory standing. Those Questions sought to raise issues regarding the applicable regulatory standard generally. From this Court's vantage point, there does not appear to be any debate about the words of the applicable regulations—the text says what the text says. This is to say, the disagreement between the parties arises from a dispute about the requirements imposed by the meaning of those words in the context of the WQCs. This is functionally the application of the

regulatory provisions to the facts of the case. As the Court understands it, Appellants' request is for this Court to issue a decision regarding what the applicable regulatory provisions mean, and what they require, prior to addressing the merits of the Questions and issues in this case. As has long been our practice, this Court declines to interpret the language of these regulatory provisions in a vacuum or render a sweeping advisory opinion disconnected from any basic set of facts or evidence. Appellants, along with ANR and Applicant, remain free to present the Court with argument regarding how the Court should apply the applicable regulatory provisions in the context of the Court's evaluation of the applications before it and those issues that are properly raised by the Statement of Questions, notwithstanding the Court's dismissal of Questions 1 and 2.[2]

Put differently, even without Questions 1 and 2, Appellants remain free to argue that the Court should apply the standards to the evidence presented at the de novo trial in a manner that is consistent with Appellants' interpretation of what the regulatory language requires and present argument regarding the scope of their interpretation of the regulations. For instance, if Appellants believe the language of 33 U.S.C.A. § 1341(d) mandates that certification conditions must be more stringent than those Applicant or ANR propose (based on Appellants' interpretation of the phrase "necessary to assure that any applicant for a Federal license or permit will comply"), or that aspects of the applications otherwise do not comply with applicable law, they may advocate for their interpretation. The Court will then consider argument from all parties regarding how to apply the language of the regulatory standards in the context of its consideration of specific Questions related to the project's conformance (or nonconformance) with various water quality criteria.[3]

For the foregoing reasons, Appellants' motion to alter and/or amend pursuant to V.R.C.P. 59(e) is **DENIED**.

Electronically signed on January 23, 2026, pursuant to V.R.E.F. 9(d).

---

[2] The Court is separately evaluating Applicant's motion to dismiss Appellants' Second Revised Statement of Questions, which will address the remaining issues "properly raised" on appeal.

[3] Thus, Appellants may address, in the context of the specific questions properly set forth in their Statement of Questions, whether "reasonable assurance" and "will comply," to the extent that those phrases are used in different relevant parts of the at-issue regulations, are different standards that should be applied differently by the Court. For the reasons previously stated, however, they may not argue that ANR applied the wrong standard or that remand to ANR is required. Those issues are irrelevant in light of our trial de novo standard of review and have already been addressed— and rejected—by the Court.

Joseph S. McLean
Superior Court Judge
Environmental Division